UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:03-cr-14030-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD LEWIS FRIED,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR TERMINATION OF RESTITUTION REQUIREMENT IN THE FINAL JUDGMENT OR, IN THE ALTERNATIVE, FOR MODIFICATION OF THAT REQUIREMENT**

This cause is before the Court on Defendant Richard Lewis Fried's Motion for Termination of Restitution Requirement, or in the Alternative, for Modification of that Requirement [D.E. 71]. For the reasons explained below, the motion is denied.

**I.   BACKGROUND**

Fried pled guilty to making false claims against the United States and making material false representations in violation of 18 U.S.C. §§ 287 and 1001, respectively. On March 15, 2004, this Court sentenced Fried and ordered him to pay restitution in the amount of $384,934 for defrauding the VA.[1] [D.E. 45]. The judgment required Fried to pay 10% of monthly gross earnings. *Id*. On July 31, 2007, this Court modified the payment schedule based on a financial

---

[1] Fried falsely claimed that he was unable to walk without aid of crutches and/or was confined to a wheelchair. [D.E. 12]. As a result, Fried took money from the VA that should not have been disbursed to him.

analysis conducted by the U.S. Probation Department, which determined that Fried had the ability to pay $125 a month rather than 10% of his gross monthly income.

To date, the criminal restitution judgment remains unsatisfied.

## II.     DISCUSSION

In his motion, Fried makes three requests.  First, Fried asks the Court to terminate the restitution judgment on estoppel grounds.  Second, Fried asks the Court to direct the United States Department of Veterans Affair (VA) to reverse its decisions regarding Fried's VA benefits.  Lastly, Fried asks the Court to modify his restitution payment schedule.  As shown below, Fried's requests are without merit.  Accordingly, his motion is denied.

### A.     The Court Finds No Basis For Terminating The Restitution Judgment

In claiming estoppel and requesting termination of the restitution judgment, Fried relies on two letters he received from the VA's Committee on Waivers and Compromises, the first in June 2012 [D.E. 71-2] and the second in April 2013 [D.E. 71-3], which informed him that his debt with the VA had been liquidated.  Nonetheless, although not artfully drafted, the 2012 letter—which the 2013 letter specifically references—clearly included the following language: "Although the debt has been liquidated at the VA, you still owe the United States District Court, Southern District of Florida, Miami Division, court ordered restitution."  [D.E. 71-2].  Based on this language, the Court finds no legal or factual basis to terminate the restitution judgment on the grounds of estoppel.

### B.     The Court Does Not Have Subject Matter Jurisdiction To Review Department Of Veterans Affairs Benefits Determinations

Fried challenges the VA's decision not to make certain past and future benefits disbursements.  [D.E. 71 ¶¶ 13, 15–16].  He asks this Court for an order reversing the VA's decision and directing it to make these payments.

This Court, however, lacks subject matter jurisdiction to reverse the VA's decisions or to direct the VA's determinations in the future regarding Fried's benefits. As the Eleventh Circuit has explained:

> The [Veterans Judicial Review Act] VJRA provides [that] the decision of the Secretary as to any "questions of law and fact necessary to a decision by the Secretary under a law that affects the *provision of benefits* . . . shall be final and conclusive and *may not be reviewed by any other official or by any court,* whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a) (emphasis added). The term "benefit" means "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).
>
> The VJRA does not completely eliminate judicial review of benefits decisions. Rather, determinations of the Secretary may be appealed to the Board of Veterans' Appeals ("Board"), whose ruling becomes the final decision of the Secretary. 38 U.S.C. § 7104(a). Decisions of the Board may then be reviewed exclusively by the U.S. Court of Appeals for Veterans Claims, an Article I court established by the VJRA. *Id.* §§ 7251, 7252(a), 7266(a). Decisions of the Court of Appeals for Veterans Claims are in turn appealable only to the U.S. Court of Appeals for the Federal Circuit. *Id.* § 7292(a), (c). The judgment of the Federal Circuit is then subject to review by the Supreme Court by writ of certiorari. *Id.* § 7292(c).
>
> Accordingly, pursuant to the VJRA, "judicial review of a *particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits* may be had only by appealing to the Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court." *Hall v. U.S. Dep't of Veterans Affairs,* 85 F.3d 532, 534 (11th Cir.1996) (per curiam).

*Milbauer v. U.S.*, 587 F. App'x 587, 590 (11th Cir. 2014) (emphasis added); *accord Duke v. U.S.*, 305 F. Supp. 2d 478, 489 (E.D. Pa. 2004). Because the Veterans Judicial Review Act sets forth specific procedures for the adjudication of veterans benefits claims, this Court lacks subject matter jurisdiction over Fried's claim challenging the VA's benefits determinations.

### C. Fried Fails To Justify A Modification To His Restitution Payment Schedule

Lastly, Fried asks this Court to modify his restitution payment schedule. Fried, however, does not provide the necessary information and documentation for a financial analysis, including

3

any paperwork to show his monthly income from different sources or invoices for any expenses, to warrant modifying the current payment schedule. Accordingly, Fried fails to justify a modification to his restitution payment schedule.

### III. CONCLUSION

For the foregoing reasons, it is ordered and adjudged that Defendant Richard Lewis Fried's Motion for Termination of Restitution Requirement, or in the Alternative, for Modification of that Requirement [D.E. 71] is denied.

Done and ordered in Chambers at Miami, Florida, this 17th day of March, 2016.

                                        K. MICHAEL MOORE
                                        CHIEF UNITED STATES DISTRICT JUDGE

c:      Counsel of record